IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TINA EMERSON                                                                   PLAINTIFF

VS.                          Civil No. 6:11-cv-6085

JUDGE McCALLUM                                          DEFENDANT

## **JUDGMENT**

Before the Court is the Report and Recommendation filed July 3, 2012, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 25). Judge Bryant recommends that the above-styled case be dismissed with prejudice due to Judge McCallum's judicial immunity from suit under 42 U.S.C.§ 1983. Rather than filing objections to the Report and Recommendation, Plaintiff has filed three additional motions and an unrelated brief.[1] Objections to a report and recommendation of a magistrate judge must be both timely and specific to trigger *de novo* review. *See* 28 U.S.C. § 636(b)(1). Plaintiff has made no specific objections to Judge Bryant's finding that Judge McCallum is immune from suit and the time for doing so has passed.

"Judges are absolutely immune from suit for money damages when they act in their judicial capacity, unless their actions are 'taken in the complete absence of all jurisdiction." *Martin v. Hendren*, 127 F.3d 720, 721 (8th Cir. 1997) (quoting *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994)). Judge McCallum presided over Plaintiff's case in the Clark County Circuit Court, and Plaintiff alleges she was appointed defense counsel in that case despite Judge

---

[1] Motion for Partial Summary Judgment (ECF No. 26); Motion for Order (ECF No. 27); Motion for Hearing (ECF No. 28); and Brief to Support Conviction Unjust (ECF No. 29).

McCallum's knowledge that the attorney being appointed could not properly defend her. In presiding over Plaintiff's case, any actions by Judge McCallum were clearly not taken "in the complete absence of all jurisdiction." Quite simply, Judge McCallum may not be sued under the circumstances which Plaintiff alleges in her complaint.

To the extent that Plaintiff set forth any objections in the pleadings that followed Judge Bryant's Report and Recommendation, the Court overrules those objections and adopts Judge Bryant's Report and Recommendation (ECF No. 25). For the reasons stated herein and above, as well as those contained in the Report and Recommendation, Plaintiff's Complaint should be and hereby is **DISMISSED WITH PREJUDICE**. The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). The Clerk is directed to place a §1915(g) strike flag on the case.

There are eleven motions currently pending: Motion to Proceed In Forma Pauperis (ECF No. 1), Motion for Default Judgment (ECF No. 11), Motion to Appoint Counsel (ECF No. 12); Motion for Order to Suspend Sentence (ECF No. 13); Motion for Leave to Proceed In Forma Pauperis (ECF No 21)[2]; Motion to Join Case (ECF No. 22); Motion for Order (ECF No. 23); Motion for Order (ECF No. 24); Motion for Partial Summary Judgment (ECF No. 26); Motion for Order (ECF No. 27); Motion for Hearing (ECF No. 28). Because Plaintiff's complaint is dismissed with prejudice, these remaining motions are **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 26th day of July, 2012.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge

---

[2] Judge Bryant found that Plaintiff would qualify for IFP status if this case were to move forward, however, because Plaintiff's case is being dismissed, the Motion to Proceed In Forma Pauperis must be denied.