IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TINA EMERSON                                                                                         PLAINTIFF

      v.                              Civil No. 6:11-cv-06085

JUDGE McCALLUM,
Circuit Judge, Clark County,
Arkansas                                                                                             DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the undersigned for report and recommendation is the Plaintiff's motion for leave to appeal *in forma pauperis* (IFP) (ECF No. 53). The case was dismissed by order entered on July 26, 2012. Since that time, the Plaintiff has filed multiple motions. She has also filed a notice of appeal

Emerson filed this action pursuant to 42 U.S.C. § 1983 on November 18, 2011. She named as the Defendant Clark County Circuit Judge McCallum. As was discussed in greater detail in the report and recommendation filed on July 3, 2012 (ECF No. 25), Emerson's claims were subject to dismissal because Judge McCallum is immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.").

Pursuant to 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." As all claims were clearly frivolous and/or asserted against an individual immune from suit, any appeal would not be taken in good faith. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

I therefore recommend that the motion for leave to appeal IFP (ECF No. 53) be denied as the appeal is not taken in good faith, 28 U.S.C. § 1915(a)(3). Under the Prison Litigation Reform Act, Emerson remains liable for the appeal filing fee once a notice of appeal is filed. I further recommend that the Clerk be directed to collect the $455 filing fee pursuant to the terms of the Prison Litigation

Reform Act.  Plaintiff may, of course, renew her motion for leave to appeal IFP with the Court of Appeals for the Eighth Circuit.  Fed. R. App. P. 24(a).

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 5th day of November 2012.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE